IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO


MELANIE RAEL,

    Plaintiff,

vs.                                                                           No. CIV 97-1096 JC/WWD

LEO MARQUEZ and SANTA FE COUNTY SHERIFF
BENJIE MONTANO, individually and in their official
capacities, and THE COUNTY OF SANTA FE, a
political subdivision of the State of New Mexico,

    Defendants.


**MEMORANDUM OPINION AND ORDER**

THIS MATTER came on for consideration of Defendants Benjie Montaño and County of Santa Fe's Motion for Summary Judgment and Qualified Immunity *(Doc. 77)*, filed October 19, 1998, and Defendant Leo Marquez' Motion in Limine To Admit Testimony and Evidence of Plaintiff's Sexual History *(Doc. 74)*, filed October 14, 1998. The Court has reviewed the motions, the memoranda and exhibits submitted by the parties and the relevant authorities. The Court finds that Defendants' Motion for Summary Judgment and Qualified Immunity is well taken and will be granted. The Court further finds that Defendant Marquez' Motion in Limine is not well taken and will be denied. Because I find that Defendant Marquez' Motion in Limine lacks any legal basis, I will grant Plaintiff's request that she be awarded her costs in responding to the Motion in Limine.

**I.**     **Factual Background**

Plaintiff Melanie Rael alleges that she was sexually assaulted and forcibly raped by Deputy Sheriff Leo Marquez on January 21, 1997, at the Santa Fe Sheriff's Department offices when she

went there after working hours to secure his assistance in "fixing" a DWI citation. Rael brings two federal claims against Marquez: (1) violation of her civil rights under color of state law, 42 U.S.C. § 1983; and (2) committing a crime of violence motivated by gender in violation of the Violence Against Women Act ("VAWA"), 42 U.S.C. § 13981. Rael brings federal claims against Montaño and the County of Santa Fe for violation of civil and constitutional rights due to negligent supervision and training of its officers and deliberate and reckless indifference to Plaintiff's right to be free from assault, battery and rape by Marquez. Rael also brings state law claims against all defendants for intentional infliction of emotional distress, battery, and assault.

## II. Motion for Summary Judgment

Summary judgment may be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). In deciding a motion for summary judgment, all evidence must be viewed in the light most favorable to the nonmoving party. *See Beaird v. Seagate Technology, Inc.*, 145 F.3d 1159, 1165 (10th Cir. 1998). However, factual disputes must be material; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

### A. Federal Civil Rights Claims

Defendant County of Santa Fe claims that it is entitled to summary judgment as to the civil rights claims under 42 U.S.C. § 1983 and related statutes because Plaintiff has failed to establish the requisite municipal culpability for Plaintiff's alleged injuries. Municipalities and other local government bodies, including counties, can be liable for violations of civil rights under § 1983, but

not under a theory of respondeat superior. *See Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). A plaintiff seeking to impose liability on a municipality must identify a municipal policy or custom that caused the injury. *See Board of County Comm'rs v. Brown*, 520 U.S. 397, ___, 117 S. Ct. 1382, 1388 (1997).

Recent Supreme Court decisions have clarified the nature of the municipal conduct that is required to attribute liability to the municipality. In *Brown*, the Court identified several theories under which municipal liability will lie. Proof that a municipal "legislative body or authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right" or "that the action taken or directed by the municipality . . . itself violates federal law" are the most straightforward examples of sufficiently culpable municipal conduct. *Id.* at ___, 117 S. Ct. at 1389. Plaintiff has not provided any evidence of direct municipal conduct violating federal rights that would satisfy this theory because Sheriff Montaño's hiring action was legal and neither the Sheriff nor the County authorized Marquez' alleged misconduct.

Theories of municipal liability based on the conduct of municipal employees who are not policy makers or whose actions are not authorized present more difficult problems. *See id.* Inadequate training and supervision claims can be the basis for municipal liability only in limited circumstances. For example, a deficient training program may be the source of liability if repeated constitutional violations by employees put decisionmakers on notice that the existing program is inadequate. *See id.* at ___, 117 S. Ct. at 1390. A plaintiff may also establish "deliberate indifference" of the municipality by showing that policymakers are aware of, and acquiesce in, the constitutional violations of its employees. *See Canton v. Harris*, 489 U.S. 378, 390 & n.10 (1989).

Plaintiff presents no evidence that Sheriff Montaño or other County policy makers were aware of prior rapes or sexual assaults by its employees. Plaintiff presents evidence that Marquez used his position of power to sexually assault Jennifer Sandoval in 1995 or 1996 when she sought his assistance in "fixing" a traffic ticket. *See* Ex. 1 to Pl.'s Resp. *(Doc. 79)* at 12-21. However, Plaintiff presents no evidence that Ms. Sandoval reported this assault to Montaño or to the County. Neither does Plaintiff present evidence that Montaño or the County was aware of the assault on Sandoval, or that there was such widespread knowledge of the assault as to create a genuine issue of whether Montaño had actual knowledge. Therefore, this assault cannot establish deliberate indifference.

There is evidence that Sheriff Montaño was aware of complaints that Marquez used sexually offensive language around female coworkers. *See* Aff. of Benjie Montaño, Ex. C to Mem. in Support of Mot. *(Doc. 78)*. If Plaintiff's claims were based on violation of her civil rights due to the failure to correct a hostile work environment, then this evidence might help her to establish deliberate indifference. But Plaintiff "must demonstrate a direct causal link between the municipal conduct and the deprivation of federal rights." *See Brown*, 520 U.S. at ___, 117 S. Ct. at 1388. Plaintiff has not presented evidence establishing that causal relationship. Further, knowledge of inappropriate sexual comments by an employee is insufficient to put the employer on notice that the employee may engage in far more serious sexual wrongdoing. *See Gebser v. Lago Vista Indep. Sch. Dist.*, ___ U.S. ___, 118 S. Ct. 1989, 2000 (1998). *Gebser* was a Title IX action applying a standard comparable to the deliberate indifference standard of § 1983. In that case, the Supreme Court held that complaints from parents of a teacher's inappropriate sexual comments during class were "plainly insufficient to alert the principal to the possibility that [the teacher] was involved in a sexual relationship with a student." *Id.* If complaints of sexually inappropriate comments to students are "plainly insufficient"

to alert a supervisor to an inappropriate sexual relationship between a teacher and a student, then Montaño's awareness of Marquez' offensive comments toward women is certainly insufficient to put the County on notice that Marquez would sexually assault Plaintiff.

All of the other evidence submitted by Plaintiff in response to the motion is too vague and too remote to establish either deliberate indifference to Melanie Rael's civil rights, or a causal relationship between the County's conduct and Rael's alleged injury. At best, Plaintiff presents some evidence of discrimination against female employees. There is no evidence that the discriminatory atmosphere, if it existed, was the "moving force" behind Marquez' alleged conduct. Plaintiff's Response *(Doc. 79)* concludes with the statement that "Plaintiff's [sic] contend that the pervasive climate of sexual misconduct without fear of reprisal motivated the violation of her statutory rights." If Plaintiff provided evidence to support this assertion, then summary judgment might not be appropriate. But Plaintiff has not pointed to any such evidence.

Because Plaintiff has not presented any evidence that would establish the requisite culpability, I will grant summary judgment for the County of Santa Fe as to Count II. Similarly, the § 1983 claims against Sheriff Montaño in his official capacity (Count I) must be dismissed because an official capacity suit is no different from a suit against the entity itself. *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985); *Myers v. Oklahoma County Bd. of Comm'rs*, 151 F.3d 1313, 1316 n.2 (10th Cir. 1998).

I also find that Sheriff Montaño is entitled to qualified immunity. As a county official performing discretionary functions, Montaño is entitled to raise the defense of qualified immunity. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To survive a motion for summary judgment on the issue of qualified immunity, Plaintiff must show that the defendant's conduct violated the law

and that the law was clearly established at the time of the violation. *See Cummins v. Campbell*, 44 F.3d 847, 850 (10th Cir. 1994). Plaintiff cannot establish either prong of the test because Plaintiff presents no evidence that Montaño's conduct (i.e., the hiring, retention, or supervision of Marquez) violated a law or showed deliberate indifference to Rael's federally protected rights.

### B. State Law Claims

Defendants Montaño and the County of Santa Fe claim that Plaintiff's intentional infliction of emotional distress claim should be dismissed because the New Mexico Tort Claims Act ("Tort Claims Act") has not waived governmental immunity for that tort. The Tort Claims Act waives governmental immunity for claims "resulting from assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, defamation of character, violation of property rights or deprivation of any rights, privileges or immunities secured by the constitution and laws of the United States or New Mexico when caused by law enforcement officers." N.M. STAT. ANN. § 41-4-12. Intentional infliction of emotional distress is not one of the torts enumerated by that section.

Plaintiff points to *Weinstein v. City of Santa Fe*, 121 N.M. 646, 653-54, 916 P.2d 1313, 1320-21 (1996) for the proposition that Plaintiff may bring a claim for emotional distress arising from a violation of a statutory right. Plaintiff is correct that the New Mexico Supreme Court has interpreted the Tort Claims Act waiver of immunity to permit damages for emotional distress to be awarded if the plaintiff shows a violation of a statutory right, or any other tort enumerated in § 41-4-12. In *Weinstein*, the parents of the victim identified specific statutory rights that were violated. *Id.* at 654, 916 P.2d at 1321. In this case, Plaintiff has not identified any statutory rights that the County of Santa Fe or Defendant Montaño violated. Therefore, summary judgment shall be

granted for these two defendants on this claim. However, Plaintiff may be able to recover damages for emotional distress arising out of her assault, battery and civil rights claims against Defendant Marquez. Following the reasoning in *Weinstein*, damages for emotional distress are allowed by the Tort Claims Act if they result from the commission of an enumerated tort caused by law enforcement officers.

The remaining state law claims do not apply to Defendant Montaño or the County of Santa Fe. Therefore, as there are no claims remaining against these defendants, they shall be dismissed from this suit.

### III. Motion in Limine To Admit Testimony and Evidence of Plaintiff's Sexual History

Defendant Marquez seeks to introduce evidence of Plaintiff's relationships and past sexual history. Rule 412 of the Federal Rules of Evidence forbids the admission of "[e]vidence offered to prove that any alleged victim engaged in other sexual behavior" in civil cases unless two prerequisites are satisfied. First, the evidence must be "otherwise admissible . . . and its probative value [must] substantially outweigh[] the danger of harm to any victim and of unfair prejudice to any party." FED. R. EVID. 412(b)(2). Second, the party seeking admission must satisfy the procedural requirements of FED. R. EVID. 412(c).

Defendant Marquez' motion presents four reasons why the evidence of Plaintiff's prior sexual history may be relevant:

> 3. Evidence of Plaintiff's relationships and past sexual history will demonstrate that Plaintiff was not intimidated or threatened by the mere fact that Defendant Marquez was a law enforcement officer.

4. Plaintiff's past relationships with other Santa Fe County Sheriff's deputies will demonstrate how the Plaintiff has knowledge of the layout of the Sheriff's department.

5. Evidence of Plaintiff's past sexually [sic] history may also show that Plaintiff has mistakenly identified Defendant as the alleged bad actor.

6. Evidence and testimony of Plaintiff's sexual history will demonstrate that after Plaintiff received a citation for driving while intoxicated (DWI), Plaintiff called many of her friends at the Santa Fe Sheriff's Department for assistance in 'taking care of her DWI,' before reaching Defendant Marquez.

I do not see how evidence of Plaintiff's past sexual history is probative on any of these points. Defendant can inquire into these issues without bringing up Plaintiff's past sexual history. Further, Defendant Marquez has failed to satisfy the procedural requirements of Rule 412(c). Marquez failed to file the motion under seal as required by Rule 412(c)(2), and did not provide a specific description of the evidence to be offered as required by Rule 412(c)(1). Therefore, I will deny the motion and will grant Plaintiff's request that she be awarded her costs in responding to the motion.

**IV. Conclusion**

Wherefore,

IT IS ORDERED that Defendants Benjie Montaño and County of Santa Fe's Motion for Summary Judgment and Qualified Immunity *(Doc. 77)*, filed October 19, 1998, is **granted.** Summary judgment shall be entered in favor of Defendants Montaño and the County of Santa Fe as to all claims.

**IT IS FURTHER ORDERED** that Defendant Leo Marquez' Motion in Limine to Admit Testimony and Evidence of Plaintiff's Sexual History *(Doc. 74)*, filed October 14, 1998, is **denied.** Plaintiff is entitled to recover her reasonable and necessary costs in responding to this motion.

DATED this 30th day of November, 1998.

                                        _____
                                        **CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiff:

    Daniel A. Sanchez
    D. Sanchez & Co., P.A.
    Santa Fe, New Mexico

Counsel for Defendant Marquez:

    Jonlyn M. Martinez
    Narvaez, Slease & Schamban, P.A.
    Albuquerque, New Mexico

Counsel for Defendants Montaño
 and the County of Santa Fe:

    Judith C. Herrera
    Herrera, Long & Pound, P.A.
    Santa Fe, New Mexico